Arnold CHERRY, Plaintiff–Appellant,

v.

Roger TOUSSAINT, TWU Local 100, TWU Local 100 Staff Pension Plan Trustee; ED Watt, TWU Local 100, TWU Local 100 Staff Pension Plan Trustee; Noel Acevedo, TWU Local 100, TWU Local 100 Staff Pension Plan Trustee, Defendant–Appellees,

Sonny HALL, TWU International President; John Kerrigan, TWU International, Secretary/Treasurer; ˙Frank McCann, TWU International, Vice President, Defendants.

No. 03–9020.

United States Court of Appeals, Second Circuit.

Feb. 11, 2005.

* The Honorable P. Kevin Castel, United States District Judge for the Southern District of

Arnold Cherry, Brooklyn, NY, for Appellants, pro se.

Stuart Lichten, Kennedy, Schwartz & Cure, P.C., New York, NY, for Appellees.

Present: POOLER, B.D. PARKER, Circuit Judges, and CASTEL, District Judge.*

**SUMMARY ORDER**

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of said District Court be and it hereby is **AFFIRMED.**

New York, sitting by designation.

Arnold Cherry appeals from a judgment of the district court awarding him $1,575 from the trustees of his pension plan as a penalty for the trustees' failure to respond promptly to his request for certain information. *See* 29 U.S.C. § 1132(c)(1)(B) (authorizing discretionary financial penalties of up to $100 a day against plan administrators who fail to provide mandated information within thirty days after a participant's or beneficiary's request).

We assume the parties' familiarity with the factual and procedural background and with the specification of appellate issues.

We review the district court's determination under Section 1132(c)(1) for abuse of discretion. *Demery v. Extebank Deferred Compensation Plan (B)*, 216 F.3d 283, 290 (2d Cir.2000). The district court, in assessing a claim for penalties should consider "various factors, including bad faith or intentional conduct on the part of the administrator, the length of the delay, the number of requests made and documents withheld, and the existence of any prejudice to the participant or beneficiary." *Devlin v. Empire Blue Cross and Blue Shield*, 274 F.3d 76, 90 (2d Cir.2001) (internal quotation marks omitted).

The district court reasonably applied each of the relevant factors and thus did not abuse its discretion. In particular, the district court correctly determined that the penalty should apply only for those days that Cherry was deprived of the particular information he requested and not for a longer period in which he did not receive the Plan's annual report, which also contained the requested information.

We therefore affirm the judgment of the district court.